IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00314-WYD-MJW

ANDREW PORTER,
DENNIS PORTER, by and through their mother and next friend,
INNESSA PORTER, M.D., and
NICHOLAI GRIMSLAND, by and through his mother and next friend,
IRINA GRIMSLAND,

Plaintiffs,

v.

KAISER FOUNDATION HEALTH PLAN AND GROUP, a Colorado nonprofit
corporation,

Defendant.

---

**ORDER REGARDING
PLAINTIFF'S MOTION FOR DISCOVERY (DOCKET NO. 18)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiffs' Motion for Discovery (docket no. 18).

The court has reviewed the subject motion (docket no. 18), the response (docket no.

24), and the reply (docket no. 29).  In addition, the court has taken judicial notice of the

court file and has considered applicable Federal Rules of Civil Procedure and case law.

The court now being fully informed makes the following findings of fact, conclusions of

law, and Order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

      1.     That I have jurisdiction over the subject matter and over the parties

2

to this lawsuit;

2.    That venue is proper in the state and District of Colorado;

3.    That each party has been given a fair and adequate opportunity to
      be heard;

4.    That this is an ERISA action wherein Plaintiffs seek coverage for
      ABA autism therapy;

5.    That the subject motion (docket no. 18) seeks an Order from this
      court allowing discovery pursuant to Fed. R. Civ. P. 26(b) relating to
      Defendant's alleged dual role conflict of interest, the completeness
      and accuracy of the administrative record, and whether Defendant
      provided Plaintiffs with a full and fair review.  In particular, Plaintiffs
      claim a dual role conflict of interest exists because Health Plan "is
      both the plan administrator and payor of benefits."  See subject
      motion (docket no. 18) at page 8.  However, Plaintiffs do not allege,
      nor have they offered any support, for the conclusion that Health
      Plan has a financial interest in the benefit determination.  Moreover,
      it is undisputed that Health Plan is a nonprofit corporation;

6.    That the issue before this court in this ERISA action is whether
      Health Plan's Interpretation of the Mental Health Services Exclusion
      was arbitrary and capricious; and

7.    That the Tenth Circuit has "emphasize[d] that neither a claimant nor
      an administrator should be allowed to use discovery to engage in
      unnecessarily broad discovery that slows the efficient resolution of

3

an ERISA claim." <u>See</u> <u>Murphy v. Deloitte & Touche Group Ins.</u> <u>Plan</u>, 619 F.3d 1151, 1162-63 (10th Cir. 2010).  Furthermore, the <u>Murphy</u> court indicates that discovery should be disallowed beyond the administrative record regarding the merits of the claim under ERISA.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Plaintiffs' Motion for Discovery (docket no. 18) is **DENIED**; and

2. That each party shall pay their own attorney fees and costs for this motion.

Done this 15th day of August 2011.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE